UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

JEFFREY ESTEVEZ,
                Defendant.

18-CR-669-1 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

Defendant Jeffrey Estevez has been charged along with thirteen codefendants with various firearms, narcotics, and racketeering offenses, including attempted murder in aid of racketeering. (*See* Dkt. No. 24.) Defendant has been detained since his arrest on September 5, 2018. (*See* Dkt. No. 4.) After a bail hearing, Magistrate Judge Henry Pitman ordered Defendant detained on the ground of dangerousness to the community. (*See* Dkt. Nos. 5, 16.) On February 19, 2019, Judge Deborah Batts held an additional bail hearing and denied bail on the same basis. (*See* Dkt. No. 18.)

On April 10, 2020, Defendant filed an application for bail, arguing that the COVID-19 pandemic poses a health risk to Defendant in confinement at MCC, warranting his release on bail. (*See* Dkt. No. 149.) The Government has opposed Defendant's application. (*See* Dkt. No. 150.) Defendant has filed a reply submission. (*See* Dkt. No. 152.) The Court has reviewed the parties' submissions as well as medical records filed under seal.

Temporary release under 18 U.S.C. § 3142(i) is authorized if "release [is] necessary for preparation of the person's defense or for another compelling reason." The proper inquiry is a balancing test. That is, to determine whether release is justified for a "compelling reason," the Court must "balanc[e] the reasons advanced for release against the risks posed by release." *United States v. Chambers*, No. 20-CR-135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020).

1

Defendant is a 25-year-old man with hypertension, a condition that presents a heightened risk for more severe health complications if COVID-19 is contracted. As Defendant persuasively argues, the COVID-19 pandemic presents an extraordinary situation, particularly with respect to prison and jail populations. "[I]nmates may be at a heightened risk of contracting COVID-19 should an outbreak develop." *United States v. Stephens*, No. 15-CR-95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020). While there is a strong case for reducing jail and prison populations generally during this pandemic, such a goal must be achieved "on a case-by-case basis," considering all relevant factors including, importantly, the danger posed by the defendant's release. *Id.*

Having carefully considered the factors in 18 U.S.C. § 3142(g) and the balancing required by § 3142(i), the Court denies Defendant's bail application for substantially the same reasons advanced by the Government. While Defendant's high blood pressure presents a degree of greater risk to Defendant in the event that he contracts COVID-19, that risk is not outweighed by the significant danger that Defendant's release would pose. This conclusion is based primarily on (1) the nature and seriousness of the charges in this case and the strength of the evidence, (2) the evidence that Defendant has been directly involved in shootings, including in broad daylight, (3) the evidence of Defendant's active involvement in a violent gang, and (4) the evidence of Defendant's involvement in firearms offenses. "Simply put, the danger to the community presented by [Defendant's] release outweighs, substantially, the danger to himself presented by his incarceration." *Chambers*, 2020 WL 1530746, at *1 (quoting *United States v. Conley*, No. 19-CR-131, ECF No. 366, at 2–3 (S.D.N.Y. Mar. 31, 2020)); *see id.* (denying temporary release to asthmatic defendant under § 3142(i)).

Defendant also argues that his detention interferes with his right to counsel. Due to the extraordinary situation presented by the pandemic, the Bureau of Prisons is currently preventing in-person visits between inmates and counsel. That restriction is temporary and appears to be reasonable under the present circumstances. The Bureau of Prisons appears to be taking steps to improve access to remote communications with counsel, including by permitting telephone conferences with counsel. In light of the procedural status of this case, Defendant is not likely to be prejudiced by the lack of in-person access to counsel in the near future.

Accordingly, Defendant's motion for temporary release is denied.

The Clerk of Court is directed to close the motion at Docket Number 149.

SO ORDERED.

Dated: April 20, 2020
       New York, New York

                                                          J. PAUL OETKEN
                                               United States District Judge